■    In the Matter of Leo Brenner, Respondent, v. Thomas F. McCoy, as State Administrator of the Judicial Conference of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, which granted respondent's application, in a proceeding under CPLR article 78, to annul a determination of the Administrative Board of the Judicial Conference classifying petitioner as Clerk II. This appeal has been transferred from the Appellate Division, Second Department, pursuant to CPLR 5711. Respondent, of course, is entitled to be reclassified upon the basis of the competitive status he earned by examination, and the duties he lawfully performed in such status prior to reclassification (*Matter of Aronson* v. *McCoy,* 33 A D 2d 183, 186, app. dsmd. 27 N Y 2d 613). The test is what respondent did within the title of his former classification, as compared with the duties under the new classification without regard to the duties performed out of title (*Matter of Ainsberg* v. *McCoy,* 26 N Y 2d 56). As in *Matter of Tonns* v. *McCoy,* 37 A D 2d 671), Special Term has not made an adequate comparison and analysis between respondent's duties and those in Court Clerk II and III. There are no real findings concerning what respondent's duties were, and it is thus not possible to determine whether respondent was performing in-title services which mandate a classification of Court Clerk III. Accordingly, the judgment should be reversed and the matter remanded to Special Term for further development of the record and for a decision by Special Term on the record as developed in accordance with this decision. Judgment reversed, on the law and the facts, and matter remanded to Supreme Court, Kings County, for further proceeding not inconsistent herewith, without costs. Reynolds, J. P., Staley, Jr., and Simons, JJ., concur; Greenblott and Sweeney, JJ., dissent, and vote to affirm, in the following memorandum: We agree with the majority that Special Term made no comparison between respondent's duties and the specifications of Court Clerk II. (*Matter of Strahl* v. *McCoy,* 37 A D 2d 667.) An examination of the record before us, however, reveals that his prior in-title services are sufficiently developed to permit a comparison and analysis thereof with the title specifications of Court Clerk II and Court Clerk III. The required

minimum basis for review has, therefore, been met. (See *Matter of Ainsberg* v. *McCoy*, 26 N Y 2d 56, 61.) Prior to reclassification by the board respondent was Assistant to the Calendar Control and Assignment Clerk of the Criminal Part of Supreme Court, Kings County. Under the general direction of the Calendar Control and Assignment Clerk, he supervised all of the functions of regularly appointed Special Terms and Trial Terms within the Criminal Term, handling, in effect, all matters which came before that court from their origin to their final disposition. Comparison of these duties with those specified for Court Clerk II does not support the board's evaluation as Court Clerk II. Rather, the duties performed by respondent meet the requirements of the specifications for Court Clerk III. We conclude, therefore, that the board's determination was arbitrary and capricious and the judgment of Special Term should be affirmed.